IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BERNARD JAMES BELL, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:20-CV-380 |
| UNITED STATES OF AMERICA | § | (1:19-CR-69) |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant, Bernard James Bell, Jr., a federal prisoner currently confined at FCI Beaumont Medium, proceeding *pro se*, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Procedural Background

On May 1, 2019, a federal grand jury sitting in the Eastern District of Texas, Beaumont Division, returned a One Count Indictment against Movant for Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. § 922(g)(1). *United States v. Bell*, 1:19-CR-69 (doc. # 12). The parties entered into a Plea Agreement on July 23, 2019, and Movant pleaded guilty before United States Magistrate Judge Zack Hawthorn on that same day. *Id*., Change of Plea Hearing (doc. # 24); Plea Agreement (doc. # 27). Pursuant to the Plea Agreement, Movant waived his right to appeal and to contest his conviction, preserving only the right to appeal "any punishment imposed in excess of the statutory maximum" and "the right to appeal or seek collateral review of a claim of ineffective assistance of counsel." *Id*., Plea Agreement (doc. # 27). Movant also stated in the Plea Agreement that he understood "the nature and elements of the crime to which guilt is admitted and agrees that the factual statement the defendant has signed is true and will be submitted as evidence."

*Id*. The Factual Basis and Stipulation stated the following:

> On or about April 11, 2019, while located in the Eastern District of Texas, **Bernard James Bell, Jr., (Bell)**, was provided a Ruger, Model: P90, .45 Caliber Pistol, SN: 663-79863 (firearm). **Bell** had an ongoing arrangement with his younger brother, in which **Bell** would dispose of firearms and stolen property his younger brother obtained through auto burglaries. **Bell** threw this particular firearm, and the case the firearm came with, in a dumpster near his residence, located in Beaumont, Texas, which is within the Eastern District of Texas. When questioned by police, **Bell** told investigators the firearm was in a dumpster. Police went to the dumpster **Bell** described and found the firearm where **Bell** stated he had placed it, in the case he claimed it was in. **Bell** knew that he was a previously convicted felon and prohibited from possessing firearms, prior to possessing the firearm in this case.

*Id.*, Factual Basis & Stipulation, pg. 2 (doc. # 26) (emphasis in original).

Magistrate Judge Hawthorn recommended the district court accept the guilty plea on July 25, 2019 (doc. # 30) and Movant was adjudged guilty by the district court as to Count One of the Indictment on August 13, 2019 (doc. # 32). On February 19, 2020, Movant was sentenced to 71 months' imprisonment, 3 years' supervised release, with a $100 special assessment (doc. # 4). Movant did not file an appeal.

Movant filed the above-referenced motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on September 14, 2020. *Bell v. United States*, 1:20-CV-380 (doc. # 1).

## The Motion

In his motion to vacate, set aside, or correct sentence Movant asserts: (1) he had no prior knowledge that he could not possess a firearm; (2) his counsel was ineffective as he failed to present Movant with evidence pertaining to the case, particularly two videos; and (3) counsel was ineffective for failing to inform him of his offense score or potential punishment and for failing to tell him beforehand about a stolen firearm (doc. # 1).

Respondent was ordered to Show Cause on October 20, 2020 (doc. # 7), and filed a Response on February 8, 2021 (doc. # 10). Respondent argues the motion to vacate, set aside, or correct sentence should be denied. *Id*. Specifically, Respondent argues that the first claim is not supported by the record and is procedurally defaulted as it was not raised at trial nor on direct appeal. *Id*. With respect to the second claim, Respondent argues that the claim is conclusory and that Movant cannot

2

show prejudice in light of the guilty plea and desire to avoid trial. *Id*. Finally, as to the third claim, Respondent contends this claim lacks merit, is unsupported by the record, and Movant cannot show prejudice in light of his guilty plea. *Id*.

Movant filed a Reply on March 8, 2021 (doc. # 11). This Report and Recommendation considers the original motion, the Government's Response and Movant's Reply.

## Standard of Review

Section 2255

The first paragraph of 28 U.S.C. § 2255 sets out the claims which are cognizable under the statute. These are: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum allowed by law; or (4) the sentence is otherwise subject to collateral attack.

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-65 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgression of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1995). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v*

3

*United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

*Ineffective Assistance of Counsel*

In order to establish ineffective assistance of counsel, Movant must prove counsel's performance was deficient, and the deficient performance prejudiced Movant's defense. *Strickland v. Washington*, 466 U.S. 668, 689-92 (1984). Because Movant must prove both deficient performance and prejudice, failure to prove either will be fatal to his claim. *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689. As a result, there is a strong presumption that counsel rendered reasonable, professional assistance, and that the challenged conduct was the result of a reasoned trial strategy. *Id.*; *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009). To overcome the presumption that counsel provided reasonably effective assistance, movant must prove his attorney's performance was objectively unreasonable in light of the facts of the movant's case, viewed as of the time of the attorney's conduct. *Strickland*, 466 U.S. at 689-90; *Fields*, 565 F.3d at 294.

In addition to proving counsel's performance was deficient, Movant is required to show prejudice resulting from counsel's inadequate performance. *Strickland*, 466 U.S. at 691-92. Movant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Mere allegations of prejudice are insufficient; movant must affirmatively prove, by a preponderance of the evidence, that he was prejudiced as a result of counsel's deficient performance. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Crane v. Johnson*, 178 F.3d 309, 312-13 (5th Cir. 1999) (quoting *Ransom v. Johnson*, 125 F.3d 716, 721 (5th Cir.), *cert. denied*, 522 U.S. 944 (1997)). "Rather, the defendant must demonstrate that the prejudice rendered [the proceeding] "fundamentally unfair or unreliable." *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Analysis

*Procedural Bar*

The Government invokes the procedural bar as to Movant's first claim, wherein Movant argues he "had no prior knowledge that [he] could not possess [a] firearm." The Government construes this as a claim pursuant to *Rehaif v. United States*, 139 S. Ct. 2191 (2019), where the Supreme Court held that a defendant's knowledge that he was a felon is an element of a § 922(g) offense. As *Rehaif* was decided before Movant pleaded guilty, Movant had the opportunity to object at the time of his plea, seek to withdraw his plea, or argue his plea was infirm on appeal. Movant failed to do so. When a movant raises a claim that he could have raised during trial or on direct appeal but does not, he is precluded by a procedural bar from raising that claim in a § 2255 motion absent cause for the default and actual prejudice as a result. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Lopez*, 248 F.3d 427, 433 (5th Cir. 2001). Movant argues neither cause nor prejudice to overcome the procedural default. This claim should be denied as procedurally barred.

And, while Movant attempts to twist this claim into one of ineffective assistance of counsel in his Reply, the claim still lacks merit. Movant now argues his counsel failed to inform him of the knowing requirement as an element of a § 922(g) offense. The record simply does not bear out this assertion. As outlined above, Movant signed a factual basis and stipulation wherein he agreed that "he was a previously convicted felon and prohibited from possessing firearms, prior to possessing the firearm in this case." 1:19-CR-69, Factual Basis & Stipulation, pg. 2 (doc. # 26). Movant also stated in the Plea Agreement that he understood "the nature and elements of the crime to which guilt is admitted and agrees that the factual statement the defendant has signed is true and will be submitted as evidence." *Id*., Plea Agreement (doc. # 27). During the Change of Plea hearing, Magistrate Judge Hawthorn reviewed the elements of the offense with Movant who stated he understood them and what the Government was required to prove:

5

THE COURT: So that you'll fully understand what you're pleading guilty to in Count One of the Indictment, I'll go over with you the essential elements of that offense:

First, that you knowingly possessed the firearm or ammunition as charged;

Second, that before you possessed the firearm or ammunition, you had been convicted in the court of a crime punishable by a term of imprisonment exceeding one year;

Third, that you knew that you were prohibited from possessing a firearm;

And fourth, that the possession of a firearm or ammunition was in or affecting interstate commerce.

Mr. Bell, do you understand those four elements for what the Government is required to prove beyond a reasonable doubt to convict you of Count One of the Indictment?

DEFENDANT BELL: Yes, Your Honor.

THE COURT: Do you need any further explanation from me or your attorney?

DEFENDANT BELL: No, Your Honor.

1:19-CR-69, Change of Plea Hearing Transcript, pg. 7 (doc. # 49). Magistrate Judge Hawthorn also admonished Movant that he could be considered an armed career criminal if he was deemed qualified based on his criminal history, which Movant stated he understood. *Id*. at pgs. 10-11. Movant declared that he discussed the plea agreement in its entirety with his counsel, that it represented his agreements with the Government, and that he understood the terms. *Id*. at pgs. 14-15. Movant also confirmed that he read and understood the Factual Basis and Stipulation. *Id*. at pgs. 17-18. For movant to now say that he was not aware of the "knowing" requirement at the time of his plea, or that his counsel failed to inform him of this requirement, is belied by the record, disingenuous, and not well-taken. Moreover, Movant cannot show prejudice, namely that the result of the proceedings would have been different. Movant states in the present motion to vacate, set

aside, or correct sentence, he did not want to go to trial. *See United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020) ("Convicted felons typically know they're convicted felons . . . so it is hard to imagine how their conviction or guilty plea was prejudiced by any error under *Rehaif*."); *United States v. Hicks*, 958 F.3d 399, 402 (5th Cir. 2020) ("We see nothing unfair about affirming [a defendant's] conviction when the record contains substantial evidence that he knew of his felon status."). This claim, therefore, should alternatively be denied as lacking in merit.

*Ineffective Assistance of Counsel*

Movant next argues counsel was ineffective for never presenting him with evidence, particularly two videos, and that his attorney never informed him of his offense score in his presentence report, or the length of his potential punishment, and he was never made aware "beforehand" about a stolen firearm. Neither of these claims have merit.

With respect to the first claim, Movant fails to specify what videos he is referring to and what they would purportedly show. Movant also fails to argue, let alone show, how the production of these unspecified videos would have changed the outcome of these proceedings. This claim of ineffective assistance of counsel is conclusory and should be denied. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (mere conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a habeas proceeding).

With respect to Movant's knowledge about a stolen firearm, Movant admitted in the factual basis and stipulation that he and his brother had an "ongoing arrangement" in which Movant "would dispose of firearms and stolen property his younger brother obtained through auto burglaries." 1:19-CR-69, Factual Basis & Stipulation, pg. 2 (doc. # 26). In the Plea Agreement signed by Movant, it stated that Movant understood "the nature and elements of the crime to which guilt is admitted and agrees that the factual statement the defendant has signed is true and will be submitted as evidence." *Id*., Plea Agreement, pg. 1 (doc. # 27). During the Change of Plea Hearing, Movant informed Magistrate Judge Hawthorn that he reviewed both with his counsel, that it was his signature affixed to both, and that the statements made in them were true and correct. 1:19-CR-69, Transcript, Change

of Plea Hearing, pgs. 14-18 (doc. # 49). Movant's after-the-fact assertion that counsel was somehow ineffective for failing to inform him that the firearm was stolen is not supported by the record. Movant has failed to show deficient performance and cannot show prejudice.

      Finally, Movant's claim that counsel failed to inform him of his offense score in the presentence report, or the length of his potential punishment is less than clear. To the extent Movant argues counsel failed to inform him of his offense score and range of punishment prior to his Plea Agreement, this claim lacks merit. Neither the offense score nor the range of punishment could be known until the presentence investigation report was completed. Moreover, the Plea Agreement outlines Movant's minimum and maximum range of punishment; namely, imprisonment for not more than ten years, a fine not to exceed $250,000.00 and a term of supervised release of not more than three years. 1:19-CR-69, Plea Agreement, pg. 2 (doc. # 27). This was also reviewed with Movant, on the record, at the Change of Plea Hearing. 1:19-CR-69, Transcript, Change of Plea Hearing, pgs. 7-8 (doc. # 49). Magistrate Judge Hawthorn also admonished Movant of the maximum range of punishment if Movant was determined to be a career offender. *Id*., pg. 8-11.

      The record reflects that Movant was aware that his offense score and length of punishment could not be known until after the presentence investigation report was completed. The Plea Agreement addresses the fact that the sentence would be imposed by the Court after consideration of the U.S. Sentencing Guidelines Manual and that the guidelines were not binding on the Court. 1:19-CR-69, Plea Agreement, pg. 2 (doc. # 27). The Plea Agreement, signed by Movant, states that Movant reviewed the guidelines with his attorney, but that Movant understands that "no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case." *Id*. Finally, Magistrate Judge Hawthorn confirmed that Movant understood that the Court would not be able to determine his Advisory Guideline range until after the presentence investigation report had been completed. 1:19-CR-69, Transcript, Change of Plea Hearing, pgs. 11-12 (doc. # 49). Movant stated that he understood this and that the sentence imposed may be different from any estimate his attorney may have given him. *Id*.

At the sentencing hearing, the district court confirmed that Movant and his counsel read and discussed the presentence report, including any revisions, and that the report was fully explained to movant. 1:19-CR-69, Transcript, Sentencing Hearing, pg. 3 (doc. # 48). No objections to the presentence report were filed. The district court advised Movant his offense level was 19, the criminal history level was 5, which provided for an advisory guidelines range of 57-71 months. *Id.*, pg. 4. Ultimately, Movant was sentenced to 71 months' imprisonment, the higher end of the range. *Id.*, pg. 7.

As outlined above, the record does not support Movant's remaining claims of ineffective assistance of counsel. Movant was admonished as to the maximum range of punishment, he received and reviewed the presentence report with counsel which informed him of his offense level and advisory guideline range. Movant affirmed during his change of plea hearing that he knew he could not receive the latter information until after the presentence report was completed. The record reflects that Movant's plea was knowing and voluntary. Movant has failed to show deficient performance and cannot show prejudice as to his remaining claims.

## Recommendation

This motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 should be denied.

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts*,* conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto, Assoc'n.*, 79

F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 18th day of July, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE